NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERGEN COUNTY IMPROVEMENT AUTHORITY, | |
| Plaintiff, | **Hon. Dennis M. Cavanaugh** |
| v. | **OPINION** |
| BERGEN REGIONAL MEDICAL CENTER, LP, SOLOMON HEALTH GROUP, LLC, GLOBAL EMPLOYEE BENEFITS MANAGEMENT, INC., ICARE MANAGEMENT LLC, BERGEN REGIONAL ANESTHESIOLOGY GROUP, PA, BERGEN REGIONAL MEDICAL CENTER RADIOLOGY ASSOCIATES, PA, LIFE SOURCE SERVICES, LP, INTERNATIONAL INFORMATION TECHNOLOGIES, LLP, JOHN DOES 1-100 and ABC COMPANIES 1-100. | Civil Action No. 12-768 (DMC)(MF) |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Plaintiff Bergen County Improvement Authority ("BCIA" or "Plaintiff") for Remand to State Court and for Attorney's Fees. (ECF No. 9). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's Motion to Remand is **granted**, and that Plaintiff's Motion for Attorney's Fees is **denied**.

## I. BACKGROUND

This action, brought before this Court on removal from the Superior Court of New Jersey, Law Division, Bergen County, involves various disputes concerning the Bergen Regional Medical Center (the "Medical Center"). Plaintiff is a body corporate and politic of the State of New Jersey, and currently holds the operating license for the Medical Center. Second Am. Compl. ¶¶ 7, 33, ECF No. 20. Plaintiff essentially names two groups of Defendants: the "Medical Center Information Defendants," against whom Plaintiff seeks injunctive relief requiring the disclosure of certain documents and records, and the "Conspirator Defendants," a group of entities and individuals that Plaintiff added in the Second Amended Complaint and is suing for monetary damages. Second Am. Compl. ¶¶ 8-28. Defendant Bergen Regional Medical Center, LP ("BRMCLP") operates the Medical Center pursuant to a lease agreement with Plaintiff, and is included in both groups of Defendants. Second Am. Compl. ¶ 8. The remaining Medical Center Information Defendants include Solomon, Solomon Healthcare Group, LLC ("SHG"), Global Employee Benefits Management, Inc. ("Global"), iCare Management, LLC ("iCare"), Life Source Services, L.P. ("LSS"), International Information Technologies, LP ("International"), Bergen Regional Anesthesiology Group, PA ("Bergen Regional Anesthesiology Group"), and Bergen Regional Medical Center Radiology Associates, PA ("Bergen Regional Radiology Associates"). Second Am. Compl. ¶¶ 9-18. The Conspirator Defendants include Current Elevator Technology, Inc. ("Current Elevator"), Joseph Glaski ("Glaski"), Herman Lindenbaum ("Lindenbaum"), David Sebbag ("Sebbag"), and United States Elevator, Inc. ("U.S. Elevator"). Second Am. Compl. ¶¶ 19-24. Plaintiff has also sued certain former BCIA Directors, as well as certain fictitiously named individuals and companies. Second Am. Compl. ¶¶ 25-28.

The Medical Center at issue is a public hospital owned by Bergen County located in Paramus, New

Jersey. Second Am. Compl. ¶ 29. On or about December 17, 1997, Bergen County leased the Medical Center's real property and assets to Plaintiff for a term of nineteen years, and on March 15, 1998, Bergen County transferred its operating license for the Medical Center to Plaintiff. Second Am. Compl. ¶¶ 31, 32. On that same date, Plaintiff and Solomon entered into a nineteen year Lease and Operating Agreement (the "LOA") pursuant to which Plaintiff retained the operating license and Solomon assumed management, administration, operation, and maintenance responsibilities. Second Am. Compl. ¶ 33. Again on that same date, Solomon entered into an Assignment and Guarantor Agreement with BRMCLP, pursuant to which BRMCLP assumed all of the rights and obligations of Solomon. Second Am. Compl. ¶ 34.

Plaintiff is currently in the process of exploring various alternatives concerning the future of the Medical Center, including a possible divestiture and sale of the property. Second Am. Compl. ¶ 1. As part of its decision making process, Plaintiff has sought various categories of information from BRMCLP and Solomon. Plaintiff believes that information would enable a proper evaluation of its options with respect to the future of the Medical Center. Second Am. Compl. ¶ 2. In this suit, Plaintiff alleges that the Medical Center Information Defendants have failed to provide that information. Second Am. Compl. ¶ 3. Plaintiff therefore seeks an injunction requiring the Medical Center Information Defendants to produce that information. Second Am. Compl. p. 50.

The above discussed allegations formed the initial basis for this lawsuit and were the primary substance of the First Amended Complaint brought before this Court on removal. See First Am. Compl., ECF No. 1-1. While the present Motion to Remand was pending, Plaintiff filed the Second Amended Complaint, in which it provides new allegations regarding an alleged conspiracy of fraudulent activity. Second Am. Compl. ¶ 4. These new allegations center around an elevator construction project. In or about 2005 or 2006, BRMCP

represented to Plaintiff that extensive work would have to be performed on elevators in the buildings of the Medical Center. Second Am. Compl. ¶ 62. Plaintiff states that at some point either prior to or during the course of the elevator project, the Conspiracy Defendants conspired and agreed to defraud Plaintiff, "including, but not limited to, by inducing BCIA to pay for services and equipment that either (i) had already been paid for, or (ii) had never been provided." Second Am. Compl. ¶ 64.

Plaintiff instituted this suit in the Superior Court of New Jersey, Law Division, Bergen County, and filed the First Amended Complaint with that Court on January 24, 2012. Defendants removed the matter to this Court on February 8, 2012, asserting that this Court has diversity jurisdiction. ECF No. 1. Plaintiff filed the present Motion to Remand on February 23, 2012, asserting that complete diversity between the parties is not present, and that the amount in controversy is below the statutory threshold. Defendants filed their Opposition Brief on March 23, 2012. ECF No. 19. Plaintiff filed the Second Amended Complaint on March 28, 2012, and filed a Reply Brief on March 3, 2012, arguing that the question of complete diversity was placed beyond doubt by the Second Amended Complaint. ECF No. 22. Defendants, with the Court's permission, filed a Sur-Reply on April 12, 2012. ECF NO. 30. Plaintiff filed a Response on April 17, 2012. ECF No. 31. The matter is now before this Court.[1]

## II.   **STANDARD OF REVIEW**

---

[1] Also currently pending in this matter is the Motion to Intervene filed by Bergen County. ECF No. 26. The Court need not decide that Motion. Additionally, pursuant to the Order of the Honorable Mark Falk, U.S.M.J., a pending motion to dismiss was withdrawn, with the understanding that all responsive pleadings are to be filed within seven days of the Court's ruling on the present Motion to Remand. ECF No. 55.

Removal of a case to federal court is governed by 28 U.S.C. § 1441. Parties seeking removal under Section 1441 bear the burden of showing that federal subject matter jurisdiction exists. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Removal statutes are to be strictly construed against removal, however, and courts must "resolve any doubts in favor of remand." See Entrekin v. Fisher Scientific, Inc., 146 F. Supp. 2d 594, 604 (3d Cir. 2001); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). Under Section 1441, an action may be removed from state court only when the federal court would have had original jurisdiction over the matter. Allen v. GlaxoSmithKline PLC, 2008 U.S. Dist. LEXIS 42491, 2008 WL 2247067, at *2 (E.D. Pa. May 30, 2008). Accordingly, courts considering a motion for remand "must focus on the plaintiff's complaint at the time the petition for removal was filed," and "must accept as true all factual allegations in the complaint." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

## III. DISCUSSION

A. Diversity Jurisdiction

Plaintiff's Second Amended Complaint raises new claims against new defendants for money damages. These claims may be subject to severance in the future, as suggested by Defendants' Sur-Reply, but the Court need not consider whether the claims are properly brought in this lawsuit in order to decide the present. If the new claims are severed, the Court lacks jurisdiction because the amount in controversy is below the statutory threshold. Alternatively, if the new claims are not severed, the Court lacks jurisdiction because complete diversity is not present. Both scenarios are discussed in more detail below.

With respect to the first scenario, the Court's decision in this matter turns on a determination of whether

the amount in controversy exceeds the jurisdictional amount of $75,000.00. The Third Circuit has indicated that the amount in controversy requirement is met if the defendant can show, to a "legal certainty," that the amount in controversy exceeds the threshold requirement.[2] Samuel-Bassett, 357 F.3d at 397 (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938); see also Hodges v. Walgreens, No. 12-1162, 2012 U.S. Dist. LEXIS 58440, at *6 (E.D. Pa April 25, 2012) (discussing legal certainty test). Under this test, the Court must be persuaded to a legal certainty from the face of the pleadings that Plaintiff cannot recover the amount claimed. Hodges, 2012 U.S. Dist. LEXIS 58440, at *6.

The Third Circuit further clarified the amount in controversy standard in Frederico v. Home Depot, 507 F.3d 188 (3d Cir. 2007). The court held that the rule of Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006) applies in cases where the complaint expressly limits the amount in controversy to less than the jurisdictional threshold.[3] Frederico, 507 F.3d at 196-97. In such cases, the removing party has a higher burden and must prove to a legal certainty that the amount in controversy exceeds the jurisdictional requirement. Id. at 197. In contrast, Samuel-Bassett applies when the plaintiff has not specified that the amount in controversy is less than the jurisdictional minimum, and in those cases, remand is appropriate when it appears to a legal certainty that the

---

[2] In some instances, disputes over factual matters present a slightly different inquiry. "In many cases . . . disputes over factual matters may be involved. In resolving those issues, the . . . preponderance of the evidence standard would be appropriate. Once the findings of fact have been made, the court may determine whether Red Cab's 'legal certainty' test for jurisdiction has been met." Samuel-Bassett, 357 F.3d at 398.

[3] Under Morgan, "(1) the party seeking to establish federal jurisdiction must prove to a legal certainty that the amount in controversy exceeds the statutory threshold; (2) a plaintiff, if permitted by state law, may limit his or her monetary claims to avoid the amount in controversy threshold; and (3) the plaintiff's pleadings that the claims are below the jurisdictional threshold is not dispositive, rather, the court must analyze the claims to determine the amount really at stake in the case." Hodges, 2012 U.S. Dist. LEXIS 58440, at *7 (citing Morgan, 471 F.3d at 474-75).

plaintiff cannot recover over the jurisdictional requirement. Id.

In this instance, Plaintiff seeks only injunctive relief, and has not expressly stated that the amount in controversy is less than the jurisdictional amount. The rule of Morgan therefore does not apply, and remand is only appropriate if it appears to a legal certainty that Plaintiff cannot recover the jurisdictional amount. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977) (citations omitted). Defendants argue that from Plaintiff's perspective, the value of the injunctive relief sought far exceeds the statutory minium requirement. Defendants theorize that the value of the relief sought stems from Plaintiff's interest in selling the medical center, potentially for many millions of dollars. The problem with this theory, however, is its highly speculative nature. It is still unknown whether Plaintiff will even choose to sell the Medical Center at all, let alone for the amount discussed in the parties' submissions. In determining whether the amount in controversy requirement is satisfied, speculative estimates are insufficient. See, e.g., Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 543-44 (3d Cir. 1995) (citing Kheel v. Port of New York Auth., 457 F.2d 46, 49 (2d Cir. 1972) ("[T]he jurisdictional test is applicable to that amount that flows directly and with a fair degree of probability from the litigation, not from collateral or speculative sources.")); Kastrinic v. Genworth Life Ins. Co., No. 09-1561, 2010 U.S. Dist. LEXIS 8986, at *5 (W.D. Pa. Feb. 3, 2010) (denying as unduly speculative an argument that amount in controversy requirement was satisfied "because plaintiffs' [insurance] policies have no coverage limits"); Schuylkill Twp. v. CitySwitch, LLC, No. 08-5681, 2009 U.S. Dist. LEXIS 59460, at *16 (E.D. Pa. July 13, 2009) ("Since the value of this litigation from Plaintiff's perspective is immeasurable and speculative, the amount in controversy is not satisfied and remand is required."). The connection between the relief sought and the value that Defendants point to is simply

too attenuated, and requires consideration of too many variables, to be anything more than pure speculation. Accordingly, the Court is unable to find that the amount in controversy for this action exceeds the statutory threshold.[4]

As noted above, a consideration of the new claims in the Second Amended Complaint could alter the diversity jurisdiction inquiry. Although the parties do not expressly argue so in their briefs, it seems likely that the money damages sought under the conspiracy counts would exceed the statutory threshold. The issue with the new claims, however, concerns the existence or non-existence of complete diversity between the parties. Plaintiff is a citizen of New Jersey. Second Am. Compl. ¶ 7. Defendant US Elevator is a New Jersey Corporation with its principal place of business in Fairfield, New Jersey. Second Am. Compl. ¶ 23. Defendants Lindenbaum and Sebbag are also, upon Plaintiff's information and belief, residents of New Jersey. Second Am. Compl. ¶¶ 21, 22. Defendants do not refute that the addition of these parties would destroy complete diversity. Instead, Defendants ask this Court to exercise its discretion "to deny joinder of the non-diverse parties added to the Second Amended Complaint in order to retain jurisdiction." Defs.' Sur-Reply 3. As noted above, however, the Court need not address this issue. If the claims are permitted, complete diversity is destroyed, while if the claims are severed, the amount in controversy is not satisfied. Guided by the principle of comity, the Court holds that the issue of whether or not these claims should be severed remains in the sound discretion of the Superior Court of New Jersey. Accordingly, Plaintiff's Motion to Remand will be granted.

---

[4] Plaintiff's suit also seeks recovery of attorneys' fees and costs. While this information is properly considered as part of the amount in controversy analysis, the Court is not persuaded that the fees and costs sought would bring the already speculative value of the injunctive relief sought above the statutory threshold.

B. Attorney's Fees

An order to remand a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Generally, fees may be awarded if "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). While the Court agrees with Plaintiff that removal in this case was improper, it does not agree that Defendants' basis for removal was not "objectively reasonable." Defendants have set forth reasonable, albeit insufficient, arguments in favor of removal. Accordingly, the facts of this case do not justify an award of attorney's fees.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **granted**, and Plaintiff's Motion for Attorney's Fees is **denied**.

Dennis M. Cavanaugh, U.S.D.J.

Date:     June 7, 2012
Orig.:    Clerk
cc:       All Counsel of Record
          Hon. Mark Falk, U.S.M.J.
          File